UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jonathan M. Gillispie, | ) | CASE NO. 1:22 CV 0025 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| The Georgia Institute of Technology, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Jonathan M. Gillispie filed this action against the Georgia Institute of Technology ("Georgia Tech"). Plaintiff alleges that he applied to Georgia Tech in 2019 but was not accepted immediately and when accepted was not offered a scholarship or in-state tuition. He does not specify a cause of action but indicates he is entitled to relief under 18 U.S.C. § 2255. He seeks $ 75,000.00 against the University for refusing to give him financial support to attend classes there.

BACKGROUND

Georgia Tech is a prestigious University located in Atlanta Gerogia. It is ranked 38th in the country for National Universities by US News and World Report.[1] Admission is very selective with an acceptance rate of only 21% of all applications for admission for the fall of 2020. Plaintiff believes he would have been a good candidate for admission to Georgia Tech. He

---

[1] https://www.usnews.com/best-colleges/rankings/national-universities

1

indicates he took calculus III and university level physics at the age of sixteen and worked on a paper with a PhD candidate in Chemical Engineering at Case Western Reserve University. Nevertheless, Georgia Tech did not offer him first year admission. He contends they instead offered him conditional transfer admission for the following year if he maintained a certain GPA, presumably at another college. He claims he attended Cleveland State University.

Plaintiff apparently has had some difficulty in completing the financial aid form ("FAFSA") because he does not reside with his parents and they do not provide him with support. He learned he would need to apply for and obtain a dependency override to avoid having his parents' income used to determine his financial aid. He contends he obtained the override but missed the deadline to apply for scholarships and financial aid at Georgia Tech. Georgia Tech refused to consider him for a scholarship after the deadline, and charged him out-of-state tuition because he is an Ohio resident. He asked for a waiver to allow him to pay in-state tuition and his request was denied. He inquired about meeting Georgia residency requirements while living on campus but was told by Georgia Tech that he would have to live in Georgia for a year before starting school. He claims he was unable to pay the out-of-state tuition without a scholarship and was unable to attend Georgia Tech. He asked for the return of his deposit, but Georgia Tech informed him that it was non-refundable. Plaintiff brings this action under 18 U.S.C. § 2255 against Georgia Tech for failing to provide him with financial support to attend the university.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

2

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Plaintiff fails to identify a viable cause of action. He cites to 18 U.S.C. § 2255 as the only basis for this Court's federal jurisdiction. That statute provides:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount

3

of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

18 U.S.C.A. § 2255. Sections 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, and 2423 of Title 18 provide criminal penalties for transport of minors to engage in criminal sexual activity, forced child labor, human trafficking, sexual trafficking of children, aggravated child sexual abuse across state lines, sexual abuse in custodial situations, sexual exploitation of children, buying or selling children for sexual exploitation, and engaging the production or transport of child pornography. Plaintiff's allegation that he was denied scholarships and in-state tuition as an out-of-state resident do not fit into any category that would entitle him to relief under 18 U.S.C.A. § 2255.

**CONCLUSION**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                                 s/*Pamela A. Barker*
                                                                 PAMELA A. BARKER
Date: March 22, 2022                          U. S. DISTRICT JUDGE